UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN CHRISMAN,

                                Plaintiff,

vs.                                                  6:09-CV-0369
                                                               (NAM/GHL)

MICHAEL J. ASTRUE,
*Commissioner of Social Security*,

                                Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

OFFICE OF STEPHEN J. MASTAITIS, JR.        STEPHEN J. MASTAITIS, JR., ESQ.
*Counsel for Plaintiff*
1412 Route 9P
Saratoga Springs, NY 12866

SOCIAL SECURITY ADMINISTRATION          BENIL ABRAHAM, ESQ.
Office of the Regional General Counsel               Special Assistant U.S. Attorney
*Counsel for Defendant*
26 Federal Plaza - Room 3904
New York, NY 10278

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION[1]

**I.     BACKGROUND**

       **A.**     **Procedural History**

On January 25, 2006, Plaintiff protectively applied for supplemental security income ("SSI"). Administrative Transcript ("T") 19, 97-100. On September 7, 2007, a hearing was held before an Administrative Law Judge ("ALJ"). T 29-56. On October 23, 2007, the ALJ determined that Plaintiff was not disabled. T 16-28.

---

[1] This matter was referred to me for report and recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

Plaintiff appealed to the Appeals Council. On January 29, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. T 1-4. Plaintiff commenced this action on March 30, 2009. Dkt. No. 1.

### B.     The Contentions

Plaintiff makes the following claims:

1. The Plaintiff's obesity, chronic fatigue, fibromyalgia, and sleep apnea, individually, and in combination, support a finding of disability. Dkt. No. 14 at 5-6.

2. Plaintiff does not have the residual functional capacity ("RFC") to perform a full range of sustained sedentary work. Dkt. No. 14 at 7-11.

3. The records and opinion of the treating physician, Neil Klein, M.D., support the conclusion that Plaintiff is disabled. Dkt. No. 14 at 11-14.

4. The ALJ erred by failing to recognize nonexertional impairments and to obtain a vocational expert's opinion. Dkt. No. 14 at 14-16.

Defendant disagrees, and argues that the decision should be affirmed. Dkt. No. 16.

## II.    APPLICABLE LAW

### A.     Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or supplemental security income benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is

2

>not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520. "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

>At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[] If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the

plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.*

### B. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587-88 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams o/b/o Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its

4

interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

## III.  THE PLAINTIFF

At the time of the hearing, Plaintiff was fifty-nine years old. T at 33. He was single and lived alone. T 33-34. Plaintiff held a bachelors degree in Humanities and a real estate broker's license. T 34-35.

Plaintiff last worked for the City of New York as a Project Lease Manager for about three-and-a-half years. T 109. Plaintiff previously worked as a director of a volunteer literacy program, a placement director at a computer school, and a real estate broker. *Id.*

Plaintiff claims that he became unable to work on February 28, 2004, due to fibromyalgia, Lyme disease, morbid obesity, high blood pressure, and diabetes. T 121. When asked what "keeps [him] from working at any job at this point," Plaintiff replied, "acute pain . . . and no[t] being able to function the way I used to." T at 37. In addition, Plaintiff testified that he had "a lot of fatigue" and stomach problems. T at 48.

## IV.  THE ALJ'S DECISION

In determining that Plaintiff was not disabled, the ALJ made the following findings:

1. Plaintiff had not engaged in substantial gainful activity since February 28, 2004, the alleged onset date. T 21.

2. Plaintiff had a combination of orthopedic impairments, including fibromyalgia, diabetes mellitus, back and leg pain, obesity, hypertension, and fatigue, which is severe. T 22.

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T 22.

5

    4.      Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work in jobs which involve no more than occasional bending, stooping, twisting, squatting, kneeling, crawling, climbing, and balancing. T 22-26. Plaintiff was capable of performing his past relevant work as generally performed in the national economy, in "sedentary leasing positions, as a placement manager, and directing a literacy program." T 26.

    5.      Considering Plaintiff's age, education, work experience, and RFC, there are many skilled, semi-skilled and unskilled jobs that exist in significant numbers in the national economy, that Plaintiff can perform. Therefore, he is not disabled. T 27.

## V.  DISCUSSION

### A.  Evaluation of Certain Impairments

Plaintiff argues that his obesity, chronic fatigue, fibromyalgia, and sleep apnea individually, and in combination, support a finding of disability. Dkt. No. 14 at 5-6. Although not explicitly stated and with no reference to any statutes, regulations, and cases, it appears that Plaintiff is arguing that the ALJ erred by failing to find that these impairments met a listed impairment. Defendant argues that the ALJ properly evaluated all of Plaintiff's conditions. Dkt. No. 16 at 4-6.

A claimant is automatically entitled to benefits if his or her impairment(s) meets criteria set forth in "the Listings." 20 C.F.R. § 404.1520(d). The burden is on the plaintiff to present medical findings that show that his or her impairments match a listing or are equal in severity to a listed impairment. *Zwick v. Apfel*, No. 97 Civ. 5140, 1998 WL 426800, at *6 (S.D.N.Y. July 27, 1998). In order to show that an impairment matches a listing, the claimant must show that his or her impairment meets all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); 20 C.F.R. § 404.1525(d). If a claimant's impairment "manifests only some of those criteria, no matter how severely," the impairment does not qualify. *Sullivan*, 493 U.S. at 530.

As noted, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled one of the listed impairments. T 22. In making this determination, the ALJ noted that he considered the orthopedic and diabetic listings, but that these listings were not met or medically equaled. *Id.* He noted that this finding was supported by the State agency physicians' opinions that no listing was met. *Id.*

Here, Plaintiff does not take issue with the ALJ's reliance on the State agency physicians' opinions. Instead, he simply points out that he was diagnosed as suffering from fibromyalgia and sleep apnea. Dkt. No. 14 at 5-6. He also speculates that he has "severely impaired sleep" that "is consistent with and objectively explains at least in part [his] complaints of chronic fatigue resulting in impaired attention, concentration and focus." *Id.* at 6. Plaintiff also points to information regarding his height and weight. *Id.*

The foregoing information fails to demonstrate that Plaintiff meets a listed impairment. It is Plaintiff's burden to present medical findings that show that his impairments match a listing or are equal in severity to a listed impairment. Plaintiff has failed to carry that burden. Moreover, I note that Plaintiff fails to suggest in what specific manner the ALJ erred. He simply points to several pieces of information regarding various impairments and speculates that his sleep apnea "explains at least in part" his complaints of chronic fatigue which resulted in impaired attention, concentration, and focus.[2] Dkt. No. 14 at 6. Accordingly, Plaintiff's vague contention is unavailing. I see no reason to recommend remand in this regard.

### B.    Residual Functional Capacity

---

[2] Plaintiff cited an assessment completed by Dr. Klein in which Dr. Klein opined, *inter alia*, that Plaintiff experienced severe fatigue and poor sleep, and that Plaintiff experienced interference with his attention and concentration. T 291, 295. Dr. Klein gave no specific indication that Plaintiff's chronic fatigue resulted in impaired attention, concentration, and focus.

Plaintiff argues that the RFC determination is improper for several reasons. Dkt. No. 14 at 7-14. Defendant argues that the RFC determination is proper. Dkt. No. 6-12. The Court will examine each issue in turn.

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing despite his or her impairments. 20 C.F.R. § 404.1545(a). An RFC determination is informed by consideration of a claimant's physical abilities, mental abilities, symptomatology, including pain, and other limitations that could interfere with work activities on a regular and continuing basis. *Id.; Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999)(Hurd, J.).

To properly ascertain a claimant's RFC, an ALJ must assess a claimant's exertional capabilities, addressing his or her ability to sit, stand, walk, lift, carry, push and pull. 20 C.F.R. § 404.1569a. Non-exertional limitations or impairments, including impairments that result in postural and manipulative limitations, must also be considered. 20 C.F.R. § 404.1569a; *see also* 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). When making an RFC determination, an ALJ must specify those functions that the claimant is capable of performing; conclusory statements concerning his or her capabilities, however, will not suffice. *Martone*, 70 F. Supp. 2d at 150. Further, "(t)he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A.). An administrative RFC finding can withstand judicial scrutiny only if there is substantial evidence in the record to support each requirement listed in the regulations. *Martone*, 70 F. Supp. 2d at 150.

Here, the ALJ found that Plaintiff had the RFC to perform a full range of sedentary work in jobs which involve no more than occasional bending, stooping, twisting, squatting, kneeling,

8

crawling, climbing, and balancing. T 22-26.

### 1. Credibility

Plaintiff argues that the RFC determination is flawed because the ALJ improperly evaluated Plaintiff's credibility and failed to adequately explain the basis for the credibility determination. Dkt. No. 14 at 7-11. Defendant argues that the ALJ properly evaluated Plaintiff's credibility. Dkt. No. 16 at 8-10.

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)).

To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. § 404.1529; *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998). First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged . . . ." 20 C.F.R. § 404.1529(a). Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c). When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors:

(1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. § 404.1529(c)(3).  An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence.  *Murphy v. Barnhart*, No. 00-9621, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003) (citations omitted)).

Here, the ALJ determined that Plaintiff was not completely credible.  T 22-26.  In making this determination, the ALJ failed to explicitly discuss the two-step analysis.  While the ALJ stated the relevant standard used to evaluate Plaintiff's credibility and summarized Plaintiff's testimony (T 23, 24), the ALJ failed to provide a clear discussion of the required factors.[3]  To the extent that the ALJ discussed some of the required factors, his discussion is vague and confusing.  For instance, the ALJ vaguely stated that "the frequency and nature of [Plaintiff's] clinical treatment for the past four years" fails to support Plaintiff's allegations that he can lift only five-to-ten pounds when not in pain, and that he is unable to lift any weight when he is in pain.  T 24.  However, the ALJ failed to explain how the frequency and nature of treatment negates Plaintiff's estimation of his ability to lift weight.

Similarly, the ALJ stated that Plaintiff's "level and types of pain-control medication . . . also do not support this alleged inability to sustain sedentary activities."  T 24.  However, the ALJ failed

---

[3] I note that Defendant failed to indicate where in the decision the ALJ discussed the required factors.  Instead, Defendant argues generally that the ALJ properly determined Plaintiff's credibility and refers to a large span of the ALJ's decision.  Dkt. No. 16 at 8 (citing T 25-28).

to explain this statement or refer to specific evidence. Moreover, the ALJ himself noted that Plaintiff took several pain medications. T 26.

Further, the ALJ stated that the "types of pain control medication taken by the claimant also are consistent with sedentary exertion." T 25. The ALJ failed to explain how certain pain control medications were "consistent" with sedentary exertion. Moreover, at least one of the pain medications taken by Plaintiff, Celebrex, is prescribed for *acute pain*.[4]

In sum, the Court is unable to find that the ALJ properly analyzed Plaintiff's credibility. Accordingly, the matter in this regard should be remanded in order for the ALJ to properly analyze Plaintiff's credibility and provide an adequate discussion of this issue.

## 2. Treating Physician Rule

Plaintiff argues that the RFC determination is flawed because the ALJ failed to adopt the findings made by his treating physician, Neil Klein, M.D. Dkt. No. 14 at 11-14. Dr. Klein opined, *inter alia*, that Plaintiff could sit, stand and/or walk less than two hours in an eight-hour workday, would need to take unscheduled breaks during an eight-hour workday, and could rarely lift up to ten pounds. T 296-97. Defendant argues that the ALJ properly evaluated this opinion. Dkt. No. 16 at 10-12.

The medical opinions of a treating physician are given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Even if the treating physician's opinion is contradicted by substantial evidence and thus is not controlling, it still may be entitled to significant weight

---

[4] *The PDR Pocket Guide to Prescription Drugs* 290 (7th ed. 2005).

11

"because 'the treating source is inherently more familiar with a claimant's medical condition than are other sources.'" *Santiago v. Barnhart*, 441 F. Supp. 2d 620, 627 (S.D.N.Y. 2006) (quoting *Gonzalez v. Callahan*, No. 94 Civ. 8747, 1997 WL 279870, at *11 (S.D.N.Y. May 23, 1997) (citing *Schisler v. Bowen*, 851 F.2d 43, 47 (2d Cir. 1988))). However, if not controlling, the proper weight given to a treating physician's opinion depends upon the following factors: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). **Omission of this analysis is considered failure to apply the proper legal standard, and is grounds for reversal of the Commissioner's determination**. *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998).

Here, the ALJ reviewed the opinion of Plaintiff's treating physician, Dr. Klein, and afforded the opinion less than controlling weight. T 25. In making this determination, the ALJ erred in the following regards.

First, the ALJ failed to state the weight, if any, he afforded Dr. Klein's opinion. Second, the ALJ failed to discuss the required factors.[5] Instead, the ALJ vaguely stated that the opinion "does not persuasively explain why the claimant stopped work in 2004 or cannot perform an office job currently." T 25. However, the ALJ failed to explain why Dr. Klein was required to "persuasively explain why the claimant stopped work in 2004" or show that Plaintiff could not perform an "office

---

[5] I note that Defendant failed to indicate where in the decision the ALJ analyzed Dr. Klein's opinion. Dkt. No. 16 at 10-12.

12

job."

The ALJ also stated that the Plaintiff's "conditions were not so limiting as to prompt intensive specialists' care." T 25. However, the ALJ failed to explain what constituted "intensive specialists' care" and why a claimant must obtain "intensive specialists' care" before the ALJ will consider a condition to be limiting.

The ALJ further opined that Plaintiff successfully addressed the "weight risk" identified by Dr. Klein. T 25. However, the ALJ simply speculated that Plaintiff successfully addressed any "risk" posed by his weight because he lost weight.

The ALJ then took issue with Dr. Klein's finding that Plaintiff needed a sit-stand option because Plaintiff had "limited clinical treatment and limited pain control medications, often over-the-counter medications." T 25. It is unclear how these factors (limited clinical treatment, limited pain control medications) negate Dr. Klein's finding that Plaintiff needed sit-and-stand at will. Moreover, the ALJ himself noted that Dr. Klein prescribed both Celebrex and Bextra for pain control, and that Plaintiff took over-the-counter pain control medication, including Advil and Aspirin. T 26.

In light of the foregoing, the ALJ erred by failing to state the weight he afforded Dr. Klein's opinion and by failing to discuss the required factors. To the extent that the ALJ provided an explanation for his apparent rejection of Dr. Klein's opinion, the explanation was vague and confusing. Accordingly, the matter in this regard should be remanded in order for the ALJ to properly analyze Dr. Klein's opinion.[6]

---

[6] Plaintiff also argued that the ALJ failed to adequately discuss how Plaintiff's "extreme obesity and concurrent erratic sleep habits . . . *might* affect his ability to perform a full range of sustained sedentary work." Dkt. No. 14 at 9-10 (emphasis added). However, Plaintiff's argument is

### C. Vocational Expert

Plaintiff argues that the ALJ erred by failing to recognize certain non-exertional limitations and failing to contact a vocational expert. Dkt. No. 14 at 7, 14-16. Defendant argues that the ALJ committed no such errors. Dkt. No. 16 at 12-14.

Because the Court is recommending remand for several reasons, the Court recommends remand on this issue as well. Also, I note that the ALJ made no mention at this step of whether Plaintiff had any non-exertional impairments. Upon remand, the ALJ shall obtain the opinion of a vocational expert if Plaintiff's nonexertional limitations present significant limitations. *See Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986) (holding that if a claimant's nonexertional impairments "significantly limit the range of work permitted by his exertional limitations" the application of the grids is inappropriate).

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED**, the Commissioner's determination of no disability be VACATED and the matter REMANDED to the agency for further consideration.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

---

speculative and fails to identify any such effects. Therefore, this argument is unavailing.

Dated: August 30, 2010
       Syracuse, New York

George H. Lowe
United States Magistrate Judge